*Asset Acceptance, LLC v. Kroll*, No. 528-6-15 Cnsc (Toor, J., July 7, 2015)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

VERMONT SUPERIOR COURT
CHITTENDEN UNIT
CIVIL DIVISION
SMALL CLAIMS

| | |
|---|---|
| ASSET ACCEPTANCE, LLC<br> Plaintiff<br><br>v.<br><br><br>LISA KROLL<br> Defendant | Docket No. 528-6-15 Cnsc |

RULING ON MOTION TO RECONSIDER

This is an action to renew a judgment. The judgment was issued on April 17, 2007, so the statute of limitations for its renewal expired April 17, 2015. 12 V.S.A. § 506. The complaint in this case was not filed until June 9. Plaintiff filed a motion on that date seeking to "amend the complaint," arguing that a complaint had been filed on an earlier date (two days before the expiration of the limitations period). In fact, that earlier attempted filing had been rejected by the clerk's office because the filing fee was not paid in full (the fee was $80 and only $25 was proffered). No complaint was docketed until the correct fee was received on June 9. Thus, the court denied the motion to amend because there was no earlier complaint to amend. Plaintiff now seeks reconsideration or clarification, arguing that it was improper for the clerk's office to reject the earlier filing.

Plaintiff's argument rests on a rule stating that the clerk's office "shall not refuse to accept for filing any document presented for that purpose solely because it is not presented in proper form as required by these rules." V.R.C.P. 5(e). However, this is not an issue of form, it is

an issue of a missing filing fee. That contingency is addressed separately by statute. Title 32 states that "*prior to the entry of a small claims action*, there shall be paid to the clerk . . . a fee of $80.00 if the claim is for more than $1,000 and $55.00 if the claim is for $1,000 or less." 32 V.S.A. § 1431(c)(1) (emphasis added).[1] Thus, the clerk is not empowered to docket a new complaint as filed until the fee is paid.

As noted before, there was nothing for the court to "amend," as no complaint was accepted for filing until June 9 when the proper fee was paid.

Order

The motion to reconsider is denied. This case is dismissed with prejudice for failure to file prior to expiration of the statute of limitations.

Dated at Burlington this 7th day of July, 2015.

_____
Helen M. Toor
Superior Court Judge

---

[1] As of July 1 the fees have gone up, but this case relates to the April-June time period.